IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARLENE B. PHILIPS,

    Plaintiff,

v.                              Civil Action No. 5:09CV115
                                       (STAMP)
UNION LABOR LIFE INSURANCE COMPANY,
a wholly owned subsidiary of ULLICO, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

I. Background

The defendant filed a notice of removal in the above-styled civil action, in which it asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging that the defendant failed to timely pay the plaintiff life insurance benefits in the amount of $100,000.00. Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendant filed a response. The plaintiff filed a reply. For the reasons set forth below, the plaintiff's motion to remand is denied.

II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C.

§ 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

III. Discussion

In her motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court does not agree.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)(citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001)). The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendant has satisfied its burden of proof and that the plaintiff's damages may exceed $75,000.00. In the complaint, the plaintiff seeks $40,000.00 in attorney's fees for substantially prevailing on her claim under the decision of the West Virginia Supreme Court of Appeals in <u>Hayseeds, Inc. v. State Farm Fire & Cas. Co.</u>, 352 S.E.2d 73 (W. Va. 1986). Further, the plaintiff seeks damages for annoyance, aggravation, and inconvenience. The plaintiff additionally states in her complaint that the defendant's conduct violated the Unfair Trade Practices Act ("UTPA"). Therefore, damages and additional attorney's fees are possible if the plaintiff prevails on her UTPA claim. Finally, the plaintiff alleges loss of use of the money for three years. In West Virginia, courts may consider the plaintiff's loss of use of the money withheld until it was offered back to plaintiff in calculating compensatory damages. <u>Addair v. Huffman</u>, 195 S.E.2d 739, 742 (W. Va. 1973). The "totality of these damages could easily exceed $75,000." <u>Tri-State Express, Inc. v. Trego Toledo Services, LLC</u>, 2008 WL 249178, *2 (S.D. W. Va. Jan. 30 2008) (unpublished). This Court notes that the amount in controversy exceeds $75,000.00 without considering punitive damages. Accordingly, the plaintiff's motion to remand must be denied.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 16, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE